UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMAR GUEYE,                     Case No. 1:09-cv-385

       Plaintiff,               Chief Judge Susan J. Dlott
                               Magistrate Judge Timothy S. Black
vs.


PAGE TOWER, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DOC. 11) BE DENIED

Now before the Court is Plaintiff's motion to amend the complaint to add additional parties (Doc. 11).

### I.    BACKGROUND FACTS

Plaintiff brings this civil action alleging a violation of his rights. Plaintiff alleges he is a Senegalese Muslim. He alleges "discrimination, defamation, slander, retaliation, a constant threat to plaintiff's life, and an exploitation of plaintiff's name by some racist Christians who did not contribute to any human cause but to enrich themselves by using plaintiff's name as a stepping stone in a racist agenda." (Doc. 3).

Plaintiff filed suit pursuant to the United States Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and included state law causes of action for libel and slander. (*Id.*)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The complaint alleges that Wilburt Byrd and Page Tower refused to rent him an apartment in their United States Department of Housing and Urban Development ("HUD") subsidized building. As a result, Plaintiff filed a complaint of discrimination with HUD. Thereafter, Mr. Byrd and Page Tower offered Plaintiff an apartment, and Plaintiff dismissed his complaint.

Plaintiff now alleges that employees of Page Tower repeatedly entered his apartment in his absence and destroyed his belongings. Plaintiff filed a retaliation complaint with HUD in March 2009, and the case was referred to the Ohio Civil Rights Commission. Plaintiff states that Mr. Byrd and a third party "harassed and threatened" him with daily letters in an effort to coerce him into settling his case before the Ohio Civil Rights Commission; nevertheless, it appears from the allegations of Plaintiff's complaint and attachments thereto that his case with the Ohio Civil Rights Commission has not yet been resolved. Plaintiff further alleges that an eviction action for non-payment of rent was filed in the Hamilton County Ohio Municipal Court despite Plaintiff's offer of rent to Mr. Byrd.

In his motion to amend the complaint, Plaintiff seeks to join Hamilton County Municipal Court "magistrate judges Allen Triggs, Melisa West [*sic*], and Bernie Bouchard." (Doc. 11). Specifically, Plaintiff alleges that the Judges "are liable for conspiracy, discrimination, retaliation, defamation, abuse of power, unlawful decision[,] not to say an insult to the U.S. Constitution[,] for violating the U.S. Title VIII of the Fair

Housing Act of 1968 [and] for wrongfully evicting an innocent Muslim who timely paid his rent and deposited the money in escrow account at the Hamilton County Municipal Court." (*Id.*) Plaintiff also seeks a federal injunction to disbar said Judges. (*Id.*)

## II. STANDARD OF REVIEW

Leave to amend a complaint shall be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). However, denial of a motion to amend is proper if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6). *See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).

## III. ANALYSIS

Judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity. *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997), *cert. denied*, 523 U.S. 1075 (1998). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.), *cert. denied,* 474 U.S. 971 (1985).

As the Court interprets Plaintiff's allegations, he has only taken issue with judicial functions performed by the Judges. Accordingly, it would be futile to permit Plaintiff to amend his complaint to add the Judges as parties since they are immune to suit.

## IV.  CONCLUSION

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion to amend the complaint (Doc. 11) be **DENIED.**

Date: October 15, 2009  s/ Timothy S. Black
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMAR GUEYE

       Plaintiff,                             Case No. 1:09-cv-385

   vs.                                    Chief Judge Susan J. Dlott
                                            Magistrate Judge Timothy S. Black

PAGE TOWER, *et al.*,

       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).