IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Amar Gueye, | : | |
| | : | Case No. 1:09-cv-385 |
| Plaintiff, | : | |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | Chief Judge Susan J. Dlott |
| Page Tower, *et al.* | : | |
| | : | ORDER |
| Defendants. | : | |
| | : | |

This matter is before the Court on Plaintiff's Objection (doc. 35) to the Magistrate Judge's Order dated December 17, 2010 and Plaintiff's Objection (doc. 38) to the Report and Recommendations dated February 4, 2011.  In the December 17, 2010 Order (doc. 34), Magistrate Judge Bowman denied Plaintiff Amar Gueye's attempts to file an untimely memorandum in opposition to Defendants' Motion for Summary Judgment.  In the Report and Recommendation (doc. 36), Magistrate Judge Bowman recommended granting summary judgment in favor Defendants Page Tower and Wilburt Byrd.  For the reasons that follow, the Court will **OVERRULE** Gueye's Objections to the December 17, 2010 Order, **OVERRULE** his Objections to the Report and Recommendation, and **ADOPT** the Report and Recommendation.

I.      PROCEDURAL BACKGROUND

On June 11, 2009, Gueye filed a *pro se* Complaint (doc. 3) against Page Tower, a federal subsidized housing complex from which Gueye was evicted, Wilburt Byrd, the site manager at Page Tower, and other defendants.  Reading the Complaint broadly, Gueye alleged that Page Tower and Byrd discriminated and retaliated against him on the basis of his race, religion, and national origin in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*  The Court issued

1

an Order (doc. 4) *sua sponte* dismissing the claims against all of the defendants, except those against Page Tower and Byrd, pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

On January 22, 2010, the Court issued a Scheduling Order (doc. 22) pursuant to which discovery was to be completed by May 15, 2010 and dispositive motions were to be filed by June 15, 2010.

Defendants Page Tower and Byrd then timely filed a Motion for Summary Judgment (doc. 25) on June 11, 2010. Gueye had twenty-one days after the date of service to file a memorandum in opposition to the Motion for Summary Judgment. However, Gueye filed his memorandum in opposition on October 6, 2010. (Doc. 27.)[2] He stated that "Plaintiff hereby informs the court that he was ill during his trip to Africa from March 2010 to September 2010 and hereby requests an extension of time, accommodation and or relief deemed necessary based

---

[1] The statute states that in proceedings *in forma pauperis* a district court:

shall dismiss a case at any time if the court determines the following:

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] Gueye captioned his filing as "Sixth Circuit Standards Mandate a Trial Pursuant to 28 U.S.C.§1291." Section 1291 gives jurisdiction to the federal courts of appeal to hear appeals from "all final decisions" of the federal district courts. 28 U.S.C. § 1291.

on the extraordinary circumstances that justified the time of his response." (*Id.* at 2.)

On October 10, 2010, Defendants moved to strike the memorandum in opposition as untimely and for failing to comply with Rule 56 of the Federal Rules of Civil Procedure. (Doc. 28.) On October 12, 2010, Gueye filed a combined motion for extension of time and second memorandum in opposition. (Docs. 29, 30.)[3] Gueye again requested an extension of time based on his illness during a trip to Africa. (Docs. 29, 30 at 3.) Gueye attached to the combined brief a Delta flight itinerary indicating that he returned to Cincinnati from oversees on September 19, 2010. (*Id.* at 4.) Gueye also filed a brief opposing Defendants' Motion to Strike on November 3, 2010. (Doc. 31.) Gueye stated that his trip to Africa had been scheduled for only one month but was extended until September 2010 based on his illness. (*Id.* at 1.)

This case was reassigned to Magistrate Judge Bowman on December 6, 2010. On December 17, 2010, Magistrate Judge Bowman issued the Order striking Gueye's first memorandum in opposition as untimely and denying Gueye leave to file the second memorandum in opposition. As a result, the second memorandum also was stricken from the record. Magistrate Judge Bowman stated that the Court had issued its Scheduling Order prior to the time Gueye went to Africa and that he should have taken steps to comply with the schedule. On December 20, 2010, Gueye filed the pending Objection to the December 17, 2010 Order.

On February 4, 2011, Magistrate Judge Bowman issued the Report and Recommendation recommending that this Court grant Defendants' Motion for Summary Judgment. Importantly,

---

[3] Gueye captioned his filing as "Amended Motion; Sixth Circuit Standards Mandate a Trial Pursuant to 28 U.S.C.§1291." For docketing purposes, the Clerk of Courts designated docket number 29 as a second memorandum in opposition and docket number 30 as a motion for extension of time.

3

Magistrate Judge Bowman stated that she would have recommended granting summary judgment to Defendants even if she had considered Gueye's first or second memoranda in opposition. (Doc. 36 at 7.) Magistrate Judge Bowman also reviewed Gueye's litigation history in this District Court during the past five years. She recommended that the Court formally warn Gueye "if he continues to file frivolous litigation in this Court that he may be deemed a vexatious litigator and could be subject to pre-filing restrictions before any additional lawsuits can be filed in this Court." (*Id.* at 11.) Gueye filed the Objection[4] to the Report and Recommendation on February 15, 2011.

## II. CONSIDERATION OF EXHIBITS

The Court notes for the record that the parties offered unsworn statements and submitted unauthenticated exhibits with the Complaint and to support and oppose summary judgment. Motions for and briefs opposing summary judgment must be supported by facts which would be admissible in evidence at trial. *See* Fed. R. Civ. P. 56(c)(1)(A), (c)(2), and (c)(4). Neither Gueye nor Defendants have formally objected to the others' submission of exhibits. Accordingly, the Court has considered all of the parties' submissions.

## III. OBJECTIONS TO THE ORDER DATED DECEMBER 17, 2010

In his Objections to the Magistrate Judge's Order dated December 17, 2010, Gueye contends that the Magistrate Judge erred in striking from the record his memoranda in opposition to the Motion for Summary Judgment. For nondispositive matters, upon the objections of a party, the district judge must "modify or set aside any part of the order that is clearly erroneous

---

[4] Gueye captioned his Objection as follows: "Hon. Amar Gueye, Chairperson - Islamic American Legal Institution Response to the Racist Report & Recommendation by Stephanie K. Bowman."

or is contrary to law." Fed. R. Civ. P. 72(a). Gueye points out that Magistrate Judge Bowman stated in her Order that Gueye returned from Africa on September 10, 2010 when his Delta itinerary indicates that he returned on September 19, 2010. (*Compare* doc. 29, 30 at 4 *to* doc. 34 at 1.) He also contends that he had complied with the Court's deadlines prior to his trip to Africa and that his illness in Africa was not foreseeable. Additionally, Gueye states in his Objection that Defendants failed to provide responses to his discovery requests.

Gueye's Objection to the December 17, 2010 Order is not well-taken. Gueye was not diligent in protecting his rights during his prolonged trip to Africa. The discovery deadline passed in May 2009 and the deadline for responding to the summary judgment motion passed in July 2010. Moreover, as Magistrate Judge Bowman observed, Gueye's assertions in the memoranda in opposition largely repeat the allegations he made in the Complaint. He does not provide facts to support the allegations underlying his claims against Defendants. Magistrate Judge Bowman expressly stated that her substantive conclusions in the Report and Recommendation would have been the same even if she had considered the memoranda in opposition. This Court concurs that the arguments made in the memoranda in opposition are not sufficient to overcome Defendants' Motion for Summary Judgment as discussed below. Accordingly, the Court overrules Gueye's Objections to the December 17, 2010 Order.

**IV.    OBJECTIONS TO THE REPORT AND RECOMMENDATION**

In Gueye's Objections to the Report and Recommendation, Gueye contends that Defendants are not entitled to summary judgment and that his claims should proceed to trial. For dispositive motions, upon the objections of a party, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P.

72(b)(3).

Magistrate Judge Bowman sets forth the relevant underlying facts in the Report and Recommendation. The Court incorporates her statement of the relevant factual background as if fully rewritten herein with the following supplementation. First, the date on the money order for Gueye's May 2009 rent payment is May 6, 2009, but the letter to which it is attached states that Gueye did not submit the money order to Page Tower until May 22, 2009. (Doc. 25-1 at 72.) Page Tower returned the attempted late payment because Gueye did not include sufficient funds to cover the rent and the applicable late fee. The Page Tower lease states in this regard as follows:

> If the Tenant does not pay the full amount of the rent shown . . . on the 5th day of the month, the Landlord may collect a fee of $30 on the 6th day of the month. The Landlord may not terminate this Agreement for failure to pay late charges, but may terminate this Agreement for non-payment of rent, as explained in paragraph 23.

(Doc. 25-1 at 17.)

Turning to the merits of the Fair Housing Act claims, the law prohibits the refusal to rent to any person or the discrimination against any person in the rental of a dwelling on the basis of race, religion, or national origin. *See* 42 U.S.C. § 3604(a) and (b). The law also prohibits retaliation against any person for their exercise of Fair Housing Act rights. *See* 42 U.S.C. § 3617. Gueye asserts generally that Defendants intentionally delayed in finding an apartment at Page Towers for him, that Defendants permitted unauthorized entry into his apartment, and that Defendants wrongfully evicted him from Page Towers, all on the basis of his national origin or

because he is a "black Muslim." (Doc. 38 *passim.*)[5] The Court agrees with Magistrate Judge Bowman that Gueye has not put forward evidence sufficient evidence to prove a prima facie case of discrimination or retaliation.

Even if Gueye could prove a prima facie case, Defendants have proffered non-discriminatory reasons for their actions. Defendants submit Byrd's affidavit and documentation from Page Towers establishing that Defendants tried without success for several months to schedule a home visit with Gueye, a prerequisite to his moving into Page Tower, and that Gueye was informed within one week of his home visit that he would be provided with an apartment when one became available. Gueye does not rebut this evidence. He asserts that apartments were available in October 2008, one month before he moved into the apartment in November 2008, but he provides no facts to establish or support this assertion. Likewise, Defendants offer evidence that they evicted Gueye from Page Towers for failure to pay rent, a non-discriminatory reason. Gueye has not established with evidence that Defendants' stated reason was pretextual and that Defendants, in fact, were motivated by racial animus or to retaliate against Gueye.

Moreover, as to the retaliation claim, an Ohio common pleas court ordered restitution of the premises occupied by Gueye to Page Tower and that the rent tendered to the court be released to Page Tower. *See Union Baptist Church Pioneer Housing, Inc. v. Gueye*, No. 09CV14546 (Muni. Ct. Hamilton Cty. Ohio July 30, 2009). Gueye's claim here that his eviction was discriminatory or retaliatory amounts to a collateral attack on the state court judgment. As

---

[5] Gueye also makes numerous irrelevant arguments. He states allegations against non-parties which are unrelated to the pending claims. He extolls his personal character and purported philanthropic endeavors. Finally, he makes malicious *ad hominem* attacks against Magistrate Judge Bowman. Such unfounded allegations only support the Magistrate Judge's concern that Gueye is a vexatious litigator.

the Magistrate Judge recognized, the Sixth Circuit has held that a plaintiff on a similar procedural footing was precluded from bringing a discrimination claim in federal court. *See Morris v. Dehaan*, No. 90-2190, 1991 WL 177995 (6th Cir. Sept. 12, 1991). In *Morris*, a state court had upheld a landlord's eviction of a tenant based on the tenant's violation of the terms of his lease. *Id.* at *1. The Sixth Circuit determined that the tenant was precluded from relitigating in federal court whether his eviction had been discriminatory. *Id.* at *4. In this case, Gueye could have asserted a counterclaim in the Ohio forcible entry and detainer proceedings that he was being evicted for discriminatory reasons. *See Strader v. Johnson*, No. 98AP-202, 1998 WL 894602, at *1 (Ohio App. Dec. 22, 1998) (asserting Fair Housing Act counterclaims in an eviction action); *cf. Forney v. Climbing Higher Enterprises, Inc.*, 158 Ohio App. 3d 338, 815 N.E.2d 722, 727-28 (2004) (stating that compulsory counterclaim must be asserted in a forcible entry and detainer case if the landlord seeks rent in addition to the premises). The Ohio court order granting restitution of the premises to Page Tower precludes Gueye from asserting in this Court that he was evicted on the basis of race, religion, or national origin.[6]

For all these reasons, the Court holds that Defendants are entitled to summary judgment. The Court will adopt the Report and Recommendation and overrule Gueye's Objections thereto.

---

[6] This situation satisfies the elements of issue or claim preclusion. The doctrine of issue preclusion "foreclos[es] relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *see also Hicks v. De La Cruz*, 52 Ohio St. 2d 71, 74, 369 N.E.2d 776, 777 (1977) ("[I]f an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.") Relatedly, "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Migra*, 465 U.S. at 77 n.1 (1984).

## V. VEXATIOUS LITIGATOR STATUS

Magistrate Judge Bowman set forth Gueye's litigation history in the Report and Recommendation. She recommended that Gueye be warned that he will be deemed a vexatious litigator if he continues to file frivolous litigation. "The Sixth Circuit Court of Appeals has approved various prefiling restrictions imposed on harassing and vexatious litigators as an inherent constitutional and statutory power of the federal courts." *Johnson v. Univ. Hous.*, No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007). Restrictions can include requiring the plaintiff to file a bond to cover the opposing party's attorney fees, mandating that the plaintiff seek leave of the court prior to filing suit, or limiting the nature of a lawsuit. *See Marbly v. Wheatley*, 87 F. App'x 535, 536-37 (6th Cir. 2004); *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000); *Johnson*, 2007 WL 4303728, at *13. The Court adopts the Report and Recommendation on this issue and hereby formally warns Gueye that he will be deemed a vexatious litigator if he continues to file frivolous litigation in the Southern District of Ohio.

## VI. CONCLUSION

Based on the foregoing analysis, Plaintiff's Objection (doc. 35) to Magistrate Judge's Order dated December 17, 2010 and Plaintiff's Objection (doc. 38) to the Report and Recommendation dated February 4, 2011 are **OVERRULED**.  The Report and Recommendation (doc. 36) is **ADOPTED**.  Summary judgment is granted to Wilburt Byrd and Page Tower on the Fair Housing Act claims.  Gueye is warned that he will be deemed a vexatious litigator if he continues to file frivolous litigation in the Southern District of Ohio.

IT IS SO ORDERED.

      ___s/Susan J. Dlott_____
      Chief Judge Susan J. Dlott
      United States District Court